UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>                    Plaintiff,<br><br>        v.<br><br>ZALE DELAWARE, INC.,<br><br>                    Defendant. | Case No.  21-cv-09126-SK<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING ADMINISTRATIVE MOTION AS MOOT**<br><br>Regarding Docket Nos. 11, 21 |

On February 18, 2022, Defendant Zale Delaware, Inc. ("Defendant") moved to dismiss the complaint ("Complaint") filed by Plaintiff Brian Whitaker ("Plaintiff") on November 24, 2021. (Dkt. No. 11.)  Plaintiff opposed the motion and subsequently moved for administrative relief, seeking an order requiring Defendant to proceed with scheduling a joint site inspection.  (Dkt. Nos. 16, 21.)  On March 28, 2022, the Court heard oral argument.  (Dkt. No. 24.)  Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636.  (Dkt. Nos. 8, 14.)  Having considered the submissions of the parties, the record in the case, and the relevant legal authorities, and having had the benefit of oral argument, the Court HEREBY GRANTS the motion to dismiss and DENIES the motion for administrative relief as MOOT, for the reasons set forth below.

## BACKGROUND

Plaintiff is a quadriplegic who uses a wheelchair for mobility.  (Dkt. No. 1 ¶ 1.)  Plaintiff alleges that he visited Banter by Piercing Pagoda ("Piercing Pagoda"), a mall kiosk in San Bruno, California, owned by Defendant, in November 2021.  (*Id.* ¶¶ 2, 8.)  Piercing Pagoda is a place of public accommodation that offers service to consumers using sales counters.  (*Id.* ¶¶ 9, 11.)  Plaintiff alleges that Piercing Pagoda has a high sales counter 43 inches from the floor, with a

1    lowered section.  (*Id.* ¶ 12.)  Plaintiff alleges that the lowered section is not accessible to

2    wheelchair users because point of sale ("POS") devices are located on the higher section of the

3    sales counter.  (*Id.*)  Plaintiff's Complaint does not allege that he sought any form of assistance or

4    accommodation during his November 2021 visit.  (*Id.*)  Plaintiff brings two claims: Count 1 for

5    violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Count 2

6    for violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  (*Id.*)

7    Plaintiff seeks injunctive relief, damages, and attorneys' fees.  (*Id.*)

8         Defendant moves to dismiss the complaint, arguing that Plaintiff's ADA claim is moot

9    because Piercing Pagoda uses wireless POS devices at the lower sales counter, making the lower

10   counter effectively the same as the taller counter in terms of access to services.  (Dkt. No. 11.)

11   Defendant argues that Plaintiff could have determined that the lower sales counter was in fact

12   accessible to disabled consumers had he sought assistance or accommodation while at the Piercing

13   Pagoda or had he investigated his claim.  (*Id.*)  Defendant argues that Plaintiff's ADA claim is

14   moot both because the barrier to access never existed – Plaintiff merely did not investigate

15   accommodations when he visited – and because if Plaintiff were to return, he would find the

16   wireless POS devices available and in use.  (*Id.*)  Defendant argues that the Court should dismiss

17   the Unruh Act claim along with the ADA claim under 28 U.S.C. § 1367(c) because the ADA

18   claim is the only one over which the Court has original jurisdiction.  Defendant further maintains

19   that because its motion to dismiss is predicated on jurisdiction, it is appropriate to bring at any

20   time, and no pause to allow Plaintiff more time for discovery is required.  (*Id.*)

21        Defendant submits the expert report of architect and ADA expert Paul L. Bishop ("Bishop

22   Report") in support of the motion to dismiss.  (Dkt. No. 11-2.)  The Bishop Report contains

23   images of the Piercing Pagoda counter heights, wired POS devices, and wireless POS devices.

24   (*Id.*)  The Bishop Report indicates that on the day of the expert's site visit, February 3, 2022,

25   because of an interruption in service, the wireless POS devices were not functioning; however, on

26   the day after the expert site visit, February 4, 2022, Defendant informed the expert that the

27   wireless POS devices were operational.  (*Id.*)  The Bishop Report concludes that the Piercing

28   Pagoda complies with the requirements of the ADA.  (*Id.*)  Defendant argues that a temporary

United States District Court
Northern District of California

2

1    disruption in service is not a violation of the ADA.  (Dkt. No. 19.)

2           In opposition to the motion to dismiss, Plaintiff counters that his ADA claim is not moot

3    because there is no wired POS device on the lower counter.  (Dkt. No. 16.)  Plaintiff contends that

4    Defendant's use of the wireless POS devices is not a structural modification to its space, so the

5    violation Plaintiff reports is likely to recur.  (*Id.*)  Plaintiff argues that he needs to conduct

6    discovery to determine whether access will be impeded in the future.  (*Id.*)  Plaintiff highlights the

7    fact that Defendant's expert found the wireless POS device was not working when the expert

8    visited the premises.  Finally, Plaintiff contends that the Court should not dismiss the Unruh Act

9    claim because the Northern District of California's procedure for handling ADA cases, as set forth

10   in General Order 56, is designed to create a holistic process that deals with both ADA and Unruh

11   Act claims together.  Plaintiff does not provide any evidence to controvert Defendant's mootness

12   claims.

13                                           **DISCUSSION**

14   **A.      Legal Standards.**

15          "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether

16   the court has subject matter jurisdiction" under Article III of the Constitution.  *Williams v. Apple,*

17   *Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020) (citing *Nw. Requirements Utilities v. FERC*, 798

18   F.3d 796, 808 (9th Cir. 2015)).  A party challenging jurisdiction under Rule 12(b)(1) may bring

19   either a factual or a facial attack.  "In a facial attack, the challenger asserts that the allegations

20   contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast,

21   in a factual attack, the challenger disputes the truth of allegations that, by themselves, would

22   otherwise invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

23   Cir. 2004).  In resolving a factual attack, the court "need not presume the truthfulness of the

24   plaintiff's allegations" and may look to "evidence beyond the complaint without converting the

25   motion to dismiss into a motion for summary judgment."  *Id.*  After a defendant has moved to

26   dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the burden shifts to the plaintiff

27   to establish the court's jurisdiction.  *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115,

28   1122 (9th Cir. 2010).

United States District Court
Northern District of California

1    When jurisdictional issues are intertwined with the merits, a court must apply the summary

2    judgment standard in deciding a motion to dismiss.  *Johnson v. Techbusiness Res., LLC*, No. 20-

3    cv-06048-BLF, 2020 WL 7013596, at *2 (N.D. Cal. Nov. 28, 2020) (citation omitted).  When

4    jurisdiction and a plaintiff's substantive claims are both premised on the ADA, the issues of

5    "jurisdiction and substance are intertwined," and the court should apply the summary judgment

6    standard.  *Id.*  A motion for summary judgment should be granted if there is no genuine dispute as

7    to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P

8    56(a).  A genuine issue for trial exists if the non-moving party presents evidence from which a

9    reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the

10   material issue in his or her favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

11   **B.    Analysis.**

12   At the outset, the Court notes that subject matter jurisdiction may be raised at any point in

13   litigation, and Plaintiff's argument that Defendant's motion under Federal Rule of Civil Procedure

14   12(b)(1) is untimely, absent further opportunity for discovery, is without merit.  *See Bates v.*

15   *Bankers Life and Casualty Co.*, 848 F.3d 1236, 1238 n.1 (9th Cir. 2017) ("[a] lack of subject

16   matter jurisdiction may be raised at any time, however, even on appeal") (citing Fed. R. Civ. P.

17   12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-435 (2011)).  Similarly,

18   Plaintiff's argument that General Order 56 prevents the filing of a motion to dismiss for lack of

19   subject matter jurisdiction at this stage in the litigation is without merit.  *See Johnson v.*

20   *DiVittorio*, No. 21-cv-02026-SVK, 2021 WL 4749414, at *2 (N.D. Cal. Oct. 12, 2021) (finding

21   that General Order 56 does not preclude filing a motion to dismiss for lack of subject matter

22   jurisdiction and noting that plaintiff had not submitted even a declaration indicating that

23   controverting evidence might exist).  Here, General Order 56 does not serve as a bar to the filing

24   of a Rule 12(b)(1) challenge, which may be raised at any time.  And Plaintiff has provided no

25   support for his contention that further discovery could produce controverting evidence.

26   Defendant makes a factual challenge to Plaintiff's Complaint in this case, asserting that

27   Plaintiff's allegations regarding the accessibility of the Piercing Pagoda are simply untrue.

28   Accordingly, the Court need not presume the truthfulness of the allegations in Plaintiff's

1    Complaint, and may look to outside evidence to resolve the motion to dismiss.  Defendant has

2    provided outside evidence in the form of the Bishop Report, and Plaintiff has not provided any

3    contravening evidence to establish jurisdiction.  Because jurisdiction and the merits are

4    intertwined in this ADA case, the Court applies the summary judgment standard and finds that no

5    genuine dispute of material fact exists here because a reasonable jury could not resolve the ADA

6    claim in Plaintiff's favor given the evidence adduced.

7            The evidence shows that Plaintiff's ADA claim is moot because there was never a

8    violation of the ADA at the Piercing Pagoda.  On the date that Plaintiff visited, he could have

9    accessed the services offered by the Piercing Pagoda using the wireless POS device at the lower

10   portion of the sales counter, had he chosen to do so.  Plaintiff did not seek access to the services

11   offered by the Piercing Pagoda, ask about accommodations, or otherwise investigate his claim in

12   any way.  Plaintiff's argument that the violation he experienced is likely to recur because no

13   change has been made to Defendant's physical premises is unavailing because there was no

14   violation in the first instance.  Even were the Court to assume that the wireless POS devices were

15   added to the Piercing Pagoda after the filing of this lawsuit, Defendant's evidence shows that there

16   are currently operational wireless POS devices available for use by disabled consumers at the

17   lower counter, rendering that counter effectively the same in terns of access as the higher counter.

18   (Dkt. No. 11-2.)

19           The fact that there was an interruption of service to the wireless POS devices on the day

20   the expert visited is immaterial, as Defendant's evidence also indicates that the interruption was

21   remedied the next day.  (*Id.*)  At oral argument, Defendant's counsel represented that the

22   interruption was due to a temporary connectivity issue common to wireless devices and beyond

23   Defendant's control.  As Defendant points out, such a temporary interruption of service does not

24   violate the ADA.  *See Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1110 (N.D. Cal. 2017)

25   ("'[A]n isolated or temporary hindrance to access does not give rise to a claim under the ADA'")

26   (quoting *Chapman v. Pier 1 Imports (U.S.) Inc. (Chapman II)*, 779 F.3d 1001, 1008 (9th Cir.

27   2015)).  Defendant's evidence shows that the wireless POS devices are operational and thus the

28   Piercing Pagoda is accessible in compliance with the ADA.  Plaintiff provides no evidence to

United States District Court
Northern District of California

United States District Court
Northern District of California

1  controvert this conclusion.  Thus, the Court lacks subject matter jurisdiction over Plaintiff's ADA

2  claim and Defendant's motion to dismiss the ADA claim is GRANTED.

3  Finally, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C.

4  §1367 over Plaintiff's Unruh Act claim.  Plaintiff's ADA claim, which the Court now dismisses,

5  formed the only putative basis for federal jurisdiction.  The sole remaining claim under the Unruh

6  Act is a state law claim.  "Courts in this district have declined to exercise supplemental

7  jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." *Techbusiness*, 2020

8  WL 7013596, at *3 (citations omitted).  The Court similarly declines to exercise supplemental

9  jurisdiction over the Unruh Act claim here because doing do "would not further the interest of

10  judicial economy, convenience, fairness, and comity." *Id.*  Accordingly, Defendant's motion to

11  dismiss the Unruh Act claim is also GRANTED.

### CONCLUSION

13  For the reasons set forth above, Defendant's motion to dismiss the Complaint is

14  GRANTED.  Because the case is dismissed, Plaintiff's administrative motion is DENIED as

15  MOOT.  The Clerk of Court is directed to close the file.

16  **IT IS SO ORDERED**.

17  Dated: April 21, 2022

_____
SALLIE KIM
United States Magistrate Judge